# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN INGEBRETSEN,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:07-CV-00251-LRH-(RAM)

**ORDER**

    Before the Court are the Second Amended Petition for Writ of Habeas Corpus (#44), Respondents' Motion to Dismiss (#50), Petitioner's Opposition (#55), and Respondents' Reply (#60). The Court grants the Motion (#50) because Petitioner has not exhausted his available state-court remedies for four grounds and because the Court lacks jurisdiction over a fifth ground.

    Pursuant to a plea agreement, Petitioner was convicted in the Eighth Judicial District Court of the State of Nevada of the attempted use of a minor in producing pornography, possession of child pornography, and open or gross lewdness. Ex. 13 (#32-13). Petitioner appealed, and the Nevada Supreme Court dismissed the appeal. Ex. 25 (#32-25). Petitioner then filed in the district court a post-conviction petition for a writ of habeas corpus. Ex. 30 (#32-30). The court appointed counsel, who filed a motion to withdraw Petitioner's plea. Ex. 41 (#33-10). After a hearing, the court denied that motion. Ex. 44 (#33-13). Another counsel was appointed, and he filed a supplement to the habeas corpus petition. Ex. 67 (#34-6). The district court denied the petition. Ex. 87 (#34-26). Petitioner appealed, filing a fast-track statement. Ex. 83 (#34-22). The Nevada Supreme Court affirmed. Ex. 89 (#34-28).

Respondents first argue that Ground 5 of the Second Amended Petition (#44) is either untimely, unexhausted, or not cognizable in federal habeas corpus. The last argument reveals a more fundamental problem with the Court's jurisdiction. "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). In Ground 5, Petitioner claims that amendments to the statutes regarding registration of sex offenders and the restrictions placed upon them after expiration of their sentences violate the Ex Post Facto and Double Jeopardy Clauses.[1] Petitioner's sentences have expired, and he has been discharged from prison. The Court of Appeals for the Ninth Circuit has repeatedly concluded that sex-offender registration requirements are not significant enough restraints upon people's liberty to amount to custody for the purposes of § 2254, and thus federal courts lacked jurisdiction to consider habeas corpus challenges to the registration statutes. McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California); Williamson v. Gregoire, 151 F.3d 1180, 1182-84 (9th Cir. 1998) (Washington). Cf. Zichko v. Idaho, 247 F.3d 1015, 1019-20 (9th Cir. 2001) (petitioner "in custody" for purposes of challenging expired sentence for rape while incarcerated for failing to register as sex offender). Nevada's registration requirement is not materially different from those considered in McNab, Henry, and Williamson. Therefore, amendment of Nevada's registration requirement does not amount to custody. The Court lacks habeas corpus jurisdiction to consider the claim in Ground 5, and the Court dismisses it.

Respondents next argue that Petitioner has not exhausted Grounds 1 through 4 in the state courts. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the

---

[1] The Court has permanently enjoined these amendments from going into effect. ACLU v. Masto, 2:08-CV-00822-JCM-(PAL). The Court's injunction is currently on appeal.

-2-

ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner attached to his fast-track statement on his state habeas corpus appeal an appendix containing his state habeas corpus petition. In the section of the fast-track statement used for arguing the issues on appeal, Petitioner stated, "Any and all issues addressed in Mr. Ingebretsen's pro per Petition for Writ of Habeas Corpus." Ex. 83, pp. 4-5 (#34-22, pp. 5-6).[2] He argues that this incorporation by reference was sufficient to fairly present the issues in Grounds 1 through 4 to the Nevada Supreme Court. See Insyxiengmay v. Morgan, 403 F.3d 657 (9th Cir. 2005); accord, Scott v. Schriro, 567 F.3d 573 (9th Cir. 2009).

The Court is not persuaded. In both Scott and Insyxiengmay, Arizona and Washington, respectively, appellant was allowed to incorporate by reference issues presented in an appendix but not argued in the appellate brief. Insyxiengmay, 403 F.3d at 668-69; Scott, 567 F.3d at 582 n.8. Nevada does not allow such practice. "Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court to such briefs or memoranda for the arguments on the merits of the appeal." Nev. R. App. P. 28(e)(2). Because

---

[2] Page numbers in parentheses refer to the computer images of the documents in the Court's electronic docket.

incorporation by reference is a procedurally incorrect manner to present issues to the Nevada Supreme Court, it does not exhaust Grounds 1 through 4. See Castille v. Peoples, 489 U.S. 346, 351 (1989).[3]

In Ground 1, Petitioner claims that his guilty plea was unknowing and involuntary because (a) Petitioner never saw the photographs upon which the charge was based, and (b) the trial court failed to explain the elements of the crime charged. Petitioner argues that he presented this claim to the Nevada Supreme Court in his second issue in the state habeas corpus appeal. The second issue in that appeal was that the state district court erred in denying Petitioner's request for an evidentiary hearing regarding the photographs that were the bases for the charges. Ex. 83, pp. 8-10 (#34-22, pp. 9-11). Although the appellate issue shares a similar factual basis with Ground 1(a), the legal basis is different. The appellate issue is not even a federal claim, but a claim that the district court erred in its post-conviction procedure. Also, the appellate issue shares neither facts nor law with Ground 1(b). Ground 1 is unexhausted.

In Ground 2, Petitioner claims that counsel provided ineffective assistance by rushing Petitioner into pleading guilty to the child pornography charges without investigating either the facts or the law of the case and without requesting that counsel and Petitioner see the photographs that are the basis of the charges. As with Ground 1, Petitioner argues that he presented this claim to the Nevada Supreme Court in his second issue in his fast-track statement. Again, that second issue was a claim that the district court erred when it did not hold an evidentiary hearing over the photographs;

---

[3] One month before the court of appeals issued its opinion in Insyxiengmay, it ruled that a petitioner may not rely on his lower-court briefs and pleadings to present a federal claim to the state's highest court. Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005). Castillo relies upon Baldwin v. Reese, 541 U.S. 27 (2004), which held that a petitioner cannot rely upon a state appellate court reading the decision of the lower court to present federal claims. It is unclear whether incorporation by reference distinguishes Scott and Insyxiengmay from Castillo and Baldwin, because neither Scott nor Insyxiengmay acknowledge either the earlier decision by the court of appeals or the decision of the Supreme Court. Although the point is moot because the Court has determined that this case is distinguishable from Scott and Insyxiengmay, there does appear to be some tension among the precedents that are applicable to this case.

that was a claim of error in state post-conviction procedure, not a claim of ineffective assistance of counsel.  Ground 2 is unexhausted.

Ground 3 is a claim that Petitioner's guilty plea was involuntary and unknowing because with regard to the child pornography charges he pleaded guilty to conduct that is not a crime.  Count I of the Information charged Petitioner with using a minor to be the subject of a sexual portrayal by posing her "in a variety of sexually provocative clothes and positions and then taking sexually suggestive photographs of her, attempting to produce a pornographic performance that appealed to the Defendant's prurient interest in sex." Ex. 8, p. 2 (#32-8, p. 3).  Count II of the Information charged Petitioner with possessing "a film photograph, or other visual presentation depicting a person under the age of 16 years, as the subject of a sexual portrayal or engaging in or simulating, or assisting others to engage in or simulate sexual conduct, to-wit: a presentation of a female child with her breasts and/or genitals and/or buttocks exposed." Id.  In Ground 3, Petitioner argues that the definition of "sexual portrayal" in Nev. Rev. Stat. § 200.700(4) violates the First Amendment, thus making the conduct charged in Counts I and II not criminal.  Petitioner also appears to argue that the "sexual conduct" alleged in Count II fell short of the definition in Nev. Rev. Stat. § 200.700(3).  The closest Petitioner came to presenting this issue to the Nevada Supreme Court is his third issue in his fast-track statement.  Ex. 83, pp. 10-13 (#34-22, pp. 11-14).  However, that was a claim of ineffective assistance of counsel,[4] while the claim in the Second Amended Petition (#44) is that his guilty plea was involuntary and unknowing.  The two are distinct claims, and presenting one to the state courts does not exhaust the other.  See Rose v. Palmateer, 395 F.3d 1108, 1111-12 (9th Cir. 2005).  Furthermore, Petitioner has not presented to the state courts the argument that the definition of "sexual portrayal" is unconstitutional; the underlying argument in state court was that the Information did not establish all the elements of "sexual portrayal."  Ground 3 is unexhausted.

Ground 4 is a claim that Petitioner's guilty plea was involuntary and unknowing because he was not advised of the specific consequences of the special sentence of lifetime supervision that was imposed upon him as a sex offender.  Petitioner relies solely upon his incorporation-by-reference

---

[4]Petitioner raises the equivalent claim in Ground 6 of the Second Amended Petition (#44)

argument for why the Court should find this ground to be exhausted.  The Court has already rejected that argument.  Ground 4 is unexhausted.

The Second Amended Petition (#44) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#50) is **GRANTED** in part.  Grounds 1, 2, 3, and 4 are unexhausted.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of Grounds 1, 2, 3, and 4, or for other appropriate relief.  Within ten (10) days of filing such motion, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested.  Failure to comply with this Order will result in the dismissal of this action.

IT IS FURTHER ORDERED that Ground 5 is **DISMISSED** without prejudice for lack of jurisdiction.

DATED this 9th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE