# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN INGEBRETSEN,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:07-CV-00251-LRH-(RAM)

**ORDER**

Before the court are petitioner's motion for reconsideration (#65), respondents' opposition (#72), and petitioner's reply (#78). The court denies this motion.

The court had determined that petitioner has not exhausted his available state-court remedies for grounds 1 through 4 of the second amended petition (#44). Order (#63). As part of that determination, the court found that petitioner's attempt to incorporate by reference grounds in his proper-person state habeas corpus petition into his fast-track statement on appeal was not allowed by the Nevada Rules of Appellate Procedure. Because the attempt was procedurally incorrect, it did not exhaust those grounds. Id., pp. 3-4 (citing Nev. R. App. P. 28(e)).[1]

The court is not persuaded by petitioner's argument that Rule 28(e)'s prohibition on incorporation by reference does not apply to fast-track statements. Petitioner argues that Rule 3C, governing criminal fast-track appeals, cross references Rules 30 and 32 regarding appendices, but

---

[1] The court also found that the issues that petitioner did present in his fast-track statement did not exhaust grounds 1 through 4. Order, pp. 4-6 (#63).

that Rule 3C does not cross-reference Rule 28(e) nor contain any language comparable to Rule 28(e)'s.  However, Rule 3C(o) provides that other rules that do not conflict with Rule 3C still apply.  Nothing in Rule 3C states that a fast-track appellant may raise his issues by incorporating his habeas corpus petition by reference, and the general rule in Rule 28(e) is that he may not.

Furthermore, even if the rule did allow incorporation by reference to a fast-track statement, petitioner did not comply with the rule that he cite to the record by page number and volume of the appendix.  See Nev. R. App. P. 3C(e)(1)(C).  The fast-track statement, Ex. 83 (#34), just attempts a blanket incorporation by reference of the entire proper-person petition, Ex. 30 (#32).  That creates two problems.  First, the fast-track statement does not cite to the pages of the appendix where the proper-person petition is located.  Second, even if the proper-person petition were to be incorporated by reference, the citations in the proper-person petition itself do not refer to the pages and volumes of the appendix.  Such citations would have been impossible, because naturally petitioner created his proper-person petition before he appealed its denial.

The citation rule is probably why the Nevada Supreme Court does not allow incorporations by reference.  Incorporated documents cannot possibly comply with the citation rule, and the Nevada Supreme Court would be left hunting through documents to find grounds for relief.  "Judges are not like pigs, hunting for truffles buried in briefs."  United States v. Dunkel  927 F.2d 955, 956 (7th Cir. 1991).  In federal habeas corpus practice, a petitioner must specify all of his grounds for relief, and the facts supporting the grounds, in the petition itself.  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts.  Nevada has a similar rule for its appellate briefs and statements.  This court sees no reason why it should not give Nevada's rule the same respect that it gives to its own rule.

Petitioner next argues that the unusual circumstances of the litigation in state court should excuse exhaustion:  The district court neglected to enter a written disposition of the habeas corpus petition, and although the Nevada Supreme Court remanded for such a disposition, Ex. 86 (#34), petitioner needed to file his fast-track statement before the district court entered its order.  Consequently, petitioner did not know what issues to raise and the incorporation by reference was the only cogent manner in which he could present his issues.  The court is not persuaded.  First, this

-2-

is the first time that petitioner has argued this point; he should have argued the point in his opposition to the motion to dismiss. Second, even if petitioner could only present the grounds in the petition to the Nevada Supreme Court because he had no district-court order from which to develop appellate issues, nothing stopped him from putting those grounds into the body of his fast-track statement. Third, nothing stopped petitioner from asking the Nevada Supreme Court for an extension of time to file a fast-track statement until after the entry of the district court's order denying the state habeas corpus petition; in that proceeding petitioner twice asked for extensions of time, though for other reasons. See Ex. 75, 80 (#34).

Petitioner also argues that ground 5 is justiciable. The court dismissed it because he was challenging the validity of the amendments to the law requiring sex offenders to register, and those laws do not amount to custody for the purpose of habeas corpus jurisdiction. Respondents have persuaded the court to reconsider and reinstate ground 5. The amendments to the sex-offender-registration statute have done more than to reclassify retroactively sex offenders into different tiers. The amendments also restrict the movement of tier 3 offenders. See Nev. Rev. Stat. § 213.1243, 213.1245, 213.1255.[2] Under those circumstances, Nevada's sex-offender-registration requirement now differs from the registration requirements that the court of appeals has upheld.

Also before the court are petitioner's motion to amend second amended petition (#79). The proposed third amended petition adds a seventh ground for relief, but otherwise it does not change from the second amended petition (#44). The court is not persuaded by respondents' argument that the proposed third amended petition contains the unexhausted grounds 1 through 4 and the dismissed ground 5. The court is reinstating ground 5, and petitioner still will need to decide what to do with grounds 1 through 4. The court will grant the motion to amend (#79).

Petitioner has submitted a motion to expand record (#80). This motion would add to the record documents concerning petitioner's recent state habeas corpus petition, and those documents

---

[2]The court has enjoined permanently the retroactive application of the new sex-offender-registration statute. See ACLU v. Masto, Case No. 2:08-CV-00822-JCM-(PAL). That injunction is currently before the 9th Circuit. See ACLU v. Masto, Case No. 08-17471.

1 are related to ground 7 in the proposed third amended petition.  Because the court is granting

2 petitioner's motion to amend (#79), the court also grants the motion to expand record (#80).

3       IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#65) is

4 **GRANTED** in part.  Ground 5 is **REINSTATED**.

5       IT IS FURTHER ORDERED that petitioner's motion to amend second amended petition

6 (#79) is **GRANTED**.  Petitioner shall file and serve the third amended petition within seven days

7 from the date of entry of this order.

8       IT IS FURTHER ORDERED that petitioner's motion to expand record (#80) is

9 **GRANTED**.

10       IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of

11 entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial

12 dismissal of grounds 1, 2, 3, and 4, or for other appropriate relief.  Within ten (10) days of filing

13 such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C.

14 § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read

15 the motion, and that he has authorized that the relief sought therein be requested.  Failure to comply

16 with this order will result in the dismissal of this action.

17       DATED this 21st day of September, 2010.

21     LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE