UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN INGEBRETSEN, | ) | |
| | ) | |
| Petitioner, | ) | 3:07-cv-00251-LRH-RAM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JACK PALMER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by John Ingebretsen. On January 20, 2015, respondents filed a motion to dismiss certain claims in Ingebretsen's petition, arguing that all but one of his seven claims are unexhausted or, in the alternative, that four of those claims are procedurally defaulted, while two of them are not cognizable in this proceeding. Having been fully briefed, the motion is now before the court for decision.

I. PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Ingebretsen was convicted in the Eighth Judicial District Court for the State of Nevada of attempted use of a minor in producing pornography (Count I), possession of child pornography (Count II), and open or gross lewdness (Count III). On direct appeal, Ingebretsen argued that his guilty pleas to these charges were not knowing and voluntary. The Nevada Supreme Court dismissed the appeal, noting that challenges to the validity of a guilty plea must be first presented in either a motion to withdraw the plea or a post-conviction petition.

Ingebretsen then filed a petition for a writ of habeas corpus in the state district court. The court appointed counsel, who filed a motion to withdraw Ingebretsen's guilty pleas. After a hearing, the court denied that motion. After appointment of new counsel, Ingebretsen filed a supplement to the habeas corpus petition. The district court denied the petition. On appeal, the Nevada Supreme Court affirmed.

Ingebretsen then initiated this proceeding in May of 2007. In November of 2008, while this proceeding was pending, he filed a second state post-conviction petition. That proceeding concluded in February 2010, with the Nevada Supreme Court affirming the lower court's decision that Ingebretsen did not meet the custody requirements for a state habeas proceeding because he had discharged his sentence and been released. In the meantime, Ingebretsen had filed a first amended petition in this proceeding, followed by a second amended petition in March of 2009.

The State moved to dismiss the second amended petition, arguing, inter alia, that Grounds 1 through 4 were unexhausted and that Ground 5 was not cognizable in a habeas proceeding  This court granted the motion, concluding that Grounds 1 through 4 were unexhausted. It further concluded that Ground 5 was not justiciable because it challenged the validity of amendments to Nevada laws requiring sex offenders to register and those laws do not amount to custody for the purpose of habeas corpus jurisdiction.

After Ingebretsen moved for reconsideration, this court concluded that Ground 5 was cognizable after all because restrictions imposed on him by the amendments to the sex offender laws served to distinguish this case from cases in which the Ninth Circuit had concluded that sex-offender registration requirements are not a significant enough restraint on one's liberty to amount to custody. Ingebretsen was also permitted to file a third amended petition, which added Ground 7. This court subsequently granted Ingebretsen's request for a stay to return to state court to exhaust Grounds 1 through 4.

After obtaining the stay, Ingebretsen attempted to present the unexhausted claims to the Nevada courts. The state district court again denied relief after finding that Ingebretsen was no

longer under a sentence of imprisonment, and his claims were otherwise procedurally defaulted. On appeal, the Nevada Supreme Court affirmed the state district court's ruling, finding that Ingebretsen was not eligible for post-conviction habeas relief because he did not meet the imprisonment requirement of Nev. Rev. Stat. § 34.724.

In October of 2014, this court granted Ingebretsen's request to re-open these proceedings. Respondents subsequently filed the motion to dismiss addressed herein.

## II. EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

As noted above, the Nevada Supreme Court rejected Grounds 1 through 4 based on a conclusion that Ingebretsen had been discharged from custody when he brought the claims in state court. ECF No. 102-10. Relying on *Roettgen v. Copeland*, 33 F.3d 36 (9th Cir. 1994), respondents argue that Ingebretsen has failed to exhaust state court remedies for the claims because he presented them to the state court in a procedural context in which the merits of the claims were not likely to be considered.

The problem with this argument is that the petitioner in *Roettgen* had an available method to present his claims to the state court in an appropriate manner. *See Roettgen*, 33 F.3d at 38 (explaining that petitioner failed to exhaust his state court remedies because he filed a petition for writ of habeas corpus in the Arizona Supreme Court rather than seek post-conviction relief under Arizona's Rules of Criminal Procedure). Here, any remedy Ingebretsen may have had in state court

was foreclosed by the Nevada Supreme Court's decision in *Coleman v. State*, 321 P.3d 863, 867 (Nev. 2014), which held that a person who is subject only to lifetime supervision is not under a sentence of imprisonment within the meaning of Nev. Rev. Stat. § 34.724 and therefore cannot file a post-conviction petition for a writ of habeas corpus to challenge his sentence. Thus, the claims (i.e., Grounds 1 through 4) are technically exhausted, but, as discussed below, still subject to the doctrine of procedural default. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991) and *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Respondents argue that Ground 5 is unexhausted because it has not been presented at all to the Nevada Supreme Court in any proceeding. They also argue that Ground 7 is unexhausted because it had been presented in Ingebretsen's second state post-conviction proceeding and, like Grounds 1 through 4, was dismissed based on Ingebretsen's failure to meet the custody requirements of Nev. Rev. Stat. § 34.724. Despite having different procedural histories, these claims are in the same posture as Grounds 1 through 4 with respect to exhaustion – i.e., the unavailability of a state court remedy renders them exhausted.

### III. COGNIZABILITY

Respondents argue that Grounds 5 and 7 are not cognizable in a federal habeas proceeding because they attack the means by which the State is imposing Ingebretsen's sentence, not the fact or duration of his confinement itself. As discussed above, Ground 5 challenges the constitutionality of restrictions imposed on him by amendments to Nevada's sex offender laws that were enacted in 2007. In Ground 7, Ingebretsen alleges that the specific conditions imposed on him under the "lifetime supervision" provision of his guilty plea agreement and sentence are unconstitutional because he was not notified of those conditions until he was released from prison.

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This court has already determined that, with respect to Ground 5, the restrictions imposed by the 2007 amendments constitute "custody" for the purposes of

establishing habeas jurisdiction. ECF No. 86, p. 3. Respondents do not necessarily challenge that determination or argue that the same result would not apply to Ground 7. They argue, however, that the "in custody" requirement is a distinct issue from whether a particular claim challenges the fact or duration of confinement.

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)). A civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

The following passage from *Wilkinson v. Dotson*, 544 U.S. 74 (2005) is instructive:

> [T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.

*Wilkinson*, 544 U.S. at 81. On the other hand, § 1983 is available for procedural challenges where success in the action would not necessarily result in either the immediate or the speedier release of a prisoner from confinement. *Id.*

Here, Ingebretsen challenges certain conditions imposed on him by the State in relation to his lifetime supervision, such as a curfew, mandatory polygraph examinations and counseling, and restrictions on his movements and his place of residence. Success in challenging these conditions would not result in an earlier release from custody because he would still be subject to lifetime supervision. He would only be relieved of compliance with these conditions. Thus, the appropriate vehicle for the claims set forth in Grounds 5 and 7 is an action under § 1983. The claims are not cognizable in a federal habeas petition and shall be dismissed without prejudice.

IV.  PROCEDURAL DEFAULT

Ingebretsen concedes that Grounds 1 through 4 are subject to the procedural default doctrine, but he contends that he can establish cause and prejudice to overcome the default or, alternatively,

that this court's refusal to hear the claims on the merits will result in a miscarriage of justice. With respect to the former, he relies on *Martinez v. Ryan*, 132 S.Ct. 1308 (2012). In *Martinez*, the Supreme Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed that its holding was a "narrow exception" to the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991), that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* In *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit expanded *Martinez* to allow ineffective assistance of post-conviction counsel to be used as a means to excuse the default of claims of ineffective assistance of *appellate* counsel. *Nguyen*, 736 F.3d at 1295.

Of Grounds 1 through 4, only Ground 2 is premised on an allegation of ineffective assistance of counsel. As such, that is the only claim to which the *Martinez* doctrine applies. *See Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (declining to extend *Martinez* to underlying *Brady* claims), *cert. denied*, 134 S.Ct. 1771 (2014); *see also Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015) (declining to extend *Martinez* to cover claims other than ineffective assistance of trial or appellate counsel).

In Ground 2, Ingebretsen alleges that he received ineffective assistance of trial counsel because counsel rushed him into entering guilty pleas without properly investigating the facts and law of the case and failed to insist, prior to the entry of the guilty pleas, that the State allow the defense to review the photographs supporting Counts I and II. This court may find "cause" under *Martinez* exists "where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral

proceeding.'" *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 132 S.Ct., at 1318-19, 1320-21). Because the last two requirements are met, the cause and prejudice determination with respect to Ground Two is intertwined, to some extent, with the analysis on the merits of the claim. As such, the court will defer ruling on the cause and prejudice issue until the merits of Ground 2 are briefed in respondents' answer and Ingbretsen's reply brief.

Lastly, this court rejects Ingebretsen's arguments that his default of Grounds 1 through 4 must be excused due to the potential for a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*, 477 U.S. at 496). "[A]ctual innocence" is established when, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). The petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Id.*; *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).

Moreover, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Here, Ingebretsen proffers no new reliable evidence of the type contemplated by *Schlup*. As such, this is not one of the rare cases in which the petitioner can establish his actual innocence.

Ingebretsen argues that *Bousley*, a case in which the petitioner had entered a guilty plea, did away with the requirement that the petitioner come forward with "new evidence" establishing his innocence. In *Bousley*, however, the petitioner argued that, in light of subsequent case law defining an element of the alleged crime, he could not, as a legal matter, have committed that crime. *Bousley*, 523 U.S. at 617. The Court held that, in light of the subsequent case, the district court should have "permit[ted Bousley] to attempt to make a showing of actual innocence" to overcome his procedural

7

default. *Id*. at 623.  The Court reiterated "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id*.

Here, Ingebretsen does not identify any case law arising after the entry of his guilty plea that would call into question whether he committed the relevant crimes based on alleged conduct to which he admitted. *Cf. Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014) (holding that petitioner could establish his actual innocence where the State conceded that he could not, in light of an intervening case defining the crime, have committed the alleged crime of compelling prostitution based on the facts under which he was convicted).  As such, Ingebretsen's reliance on *Bousley* is misplaced.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 109) is GRANTED, in part, and DENIED, in part.  For reasons discussed above Grounds 1, 3-5, and 7 are dismissed from the petition.

**IT IS FURTHER ORDERED** that respondents' shall have **forty-five (45) days** from the date this order is entered within which to file an answer to the remaining claims in the petition, including argument as to whether the procedural default of Ground 2 should be excused based on *Martinez v. Ryan*.  Petitioner shall have **thirty (30) days** following service of respondents' answer within which to file a reply.

Dated this 8th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE