UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN INGEBRETSEN,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:07-cv-00251-LRH-RAM

**ORDER**

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by John Ingebretsen, a Nevada prisoner. ECF No. 87.

I. BACKGROUND

Pursuant to a plea agreement, Ingebretsen was convicted in the Eighth Judicial District Court for the State of Nevada of attempted use of a minor in producing pornography (Count I), possession of child pornography (Count II), and open or gross lewdness (Count III). The following exchange at Ingebretsen's plea canvass sets forth the factual circumstances supporting his convictions:

> THE COURT: I need to be assured that you are, in fact, guilty of these crimes. Now, in Count I they said you committed the crime of Attempt Use of a Minor in the Production of Pornography between October 1st, 1997, and May 8th, 2001.
>
> DEFENDANT: Yes.
>
> THE COURT: And who is Sara [R.]?
>
> DEFENDANT: My stepdaughter.

THE COURT: . . . How old was Sara [R.] at the time?

DEFENDANT: She was – she will be 18 this month.

THE COURT: So she was – back in '97 that was what? She was – four and half years ago. So she would have been like 14 or so?

DEFENDANT: 14 and a half.

THE COURT: So you had her pose in a variety of sexually provocative clothing and positions and took sexually suggestive pictures of her; is that true?

DEFENDANT: Yes.

THE COURT: And you were attempting to produce a pornographic performance that appealed to a prurient interest in sex?

DEFENDANT: Yes.

THE COURT: And you encouraged and knowingly used and enticed her to do this sort of thing?

DEFENDANT: Yes.

THE COURT: And also between January the 1st of 2001 and May 8th of 2001, did you knowingly and willfully have in your possession photography depicting someone under 16 years of age –

DEFENDANT: Yes.

THE COURT: And it says here you have – what was it? A picture or a movie or what?

DEFENDANT: I don't know what they picked up out of the computer. I had pictures in there.

THE COURT: It was pictures of something? Pictures that was on a computer.

DEFENDANT: Yeah.

THE COURT: It was a person under the age of 16 engaging in sexual or simulating sexual conduct? It says here, "pictures of a female child under 16 with a breast and genitals and buttocks exposed." Is that true? You had that on your computer?

DEFENDANT: Yes.

THE COURT: And that was here in Clark County, Nevada?

DEFENDANT: Yes.

THE COURT: And they also said in January of – between January 1st of 1999 and May 8th of 2001 that you committed an open and gross lewd act with Sara [R.]; is that true?

DEFENDANT: Yes.

THE COURT: Did you have her lay down naked in the bed and you fondled her breasts and pubic area?

DEFENDANT: Yes.

THE COURT: And all this happened in Clark County, Nevada?

DEFENDANT: Yes.

THE COURT: And you did this against her will?

DEFENDANT: Yes.

ECF No. 32-10, p. 8-10.

The state district court sentenced Ingebretsen to a prison term of three to ten years on Count I, a term of one to four years on Count II, and a term of one year on Count III, all to be served concurrently. A judgment of conviction was entered on August 20, 2001. Ingebretsen appealed.

On direct appeal, Ingebretsen argued that his guilty pleas to these charges were not knowing and voluntary. The Nevada Supreme Court dismissed the appeal, noting that challenges to the validity of a guilty plea must be first presented in either a motion to withdraw the plea or a post-conviction petition.

Ingebretsen then filed a petition for a writ of habeas corpus in the state district court. The court appointed counsel, who filed a motion to withdraw Ingebretsen's guilty pleas. After a hearing, the court denied that motion. After appointment of new counsel, Ingebretsen filed a supplement to the habeas corpus petition. The district court denied the petition. On appeal, the Nevada Supreme Court affirmed.

Ingebretsen then initiated this proceeding in May of 2007. In November of 2008, while this proceeding was pending, he filed a second state post-conviction petition. That proceeding concluded in February 2010, with the Nevada Supreme Court affirming the lower court's decision that

Ingebretsen did not meet the custody requirements for a state habeas proceeding because he had discharged his sentence and been released. In the meantime, Ingebretsen had filed a first amended petition in this proceeding, followed by a second amended petition in March of 2009.

The State moved to dismiss the second amended petition, arguing, inter alia, that Grounds 1 through 4 were unexhausted and that Ground 5 was not cognizable in a federal habeas proceeding This court granted the motion, concluding that Grounds 1 through 4 were unexhausted. It further concluded that Ground 5 was not justiciable because it challenged the validity of amendments to Nevada laws requiring sex offenders to register and those laws do not amount to custody for the purpose of habeas corpus jurisdiction.

After Ingebretsen moved for reconsideration, this court concluded that Ground 5 was cognizable after all because restrictions imposed on him by the amendments to the sex offender laws served to distinguish this case from cases in which the Ninth Circuit had concluded that sex-offender registration requirements are not a significant enough restraint on one's liberty to amount to custody. Ingebretsen was also permitted to file a third amended petition, which added Ground 7. This court subsequently granted Ingebretsen's request for a stay to return to state court to exhaust Grounds 1 through 4.

After obtaining the stay, Ingebretsen attempted to present the unexhausted claims to the Nevada courts. The state district court again denied relief after finding that Ingebretsen was no longer under a sentence of imprisonment, and his claims were otherwise procedurally defaulted. On appeal, the Nevada Supreme Court affirmed the state district court's ruling, finding that Ingebretsen was not eligible for post-conviction habeas relief because he did not meet the imprisonment requirement of Nev. Rev. Stat. § 34.724.

In October of 2014, this court granted Ingebretsen's request to re-open these proceedings. Respondents subsequently filed the motion to dismiss, which this court granted in part and denied in part. In particular, the court concluded that Grounds 1-4 are procedurally defaulted and that Grounds 5 and 7 are not cognizable as habeas claims because they challenge conditions of confinement, not

the fact or duration of confinement. With respect to Ground 2, however, the court deferred dismissal of the claim pending a determination whether the default might be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012).

Thus, Ground 2 and Ground 6 are before the court for a final decision.

## II. GROUND 2

In Ground 2, Ingebretsen alleges that he received ineffective assistance of trial counsel because counsel rushed him into entering guilty pleas without properly investigating the facts and law of the case and failed to insist, prior to the entry of the guilty pleas, that the State allow the defense to review the photographs supporting Counts I and II. At Ingebretsen's sentencing hearing, the following exchange occurred between defense counsel (Cichoski), the state district court, and the prosecutor (Kephart):

> MR. CICHOSKI: . . . As you heard from the mother, what was happening was he was taking pictures for modeling or something like that and we don't have those pictures. I don't know what happened to the pictures. Nobody has ever been able to see them to know if they are pornographic or not except that he admitted, he pled guilty to Attempt Use of Minor in Production of Pornography.
>
> THE COURT: Were they pornographic, Mr. Kephart?
>
> MR. KEPHART: Yes, your Honor. We don't turn this type of contraband over to the defendants.
>
> THE COURT: They have a right to see evidence. You have heard of the Constitution, man?
>
> MR. KEPHART: There's a law, a specific statute in Nevada that will not allow them to have them because they possess them.
>
> THE COURT: The lawyer can look at the evidence.
>
> MR. CICHOSKI: Mr. Herndon told me at the time of preliminary that the photos did not exist.
>
> THE COURT: Well, why would you plead your client to something then if you don't think he was guilty of it? I don't know what the case says. You plead the guy to possession of pornography. You didn't see that?
>
> MR. CICHOSKI: Maybe we should have investigated that. Maybe we should set that over.

| | |
|---|---|
| 1 | MR. KEPHART: I would bring in and show you the photos. |
| 2 | THE COURT: Why would you have your client plead guilty if you didn't think it was pornographic? |
| 3 | |
| 4 | MR. CICHOSKI: Your Honor, it was my understanding that there's no law in the State of Nevada as to whether pictures, whether the lack of pictures, whether a person can be convicted if there is no pictures. But there is some law in other states where even though there is no pictures, guys get convicted. |
| 5 | |
| 6 | THE COURT: That's not the point. Oh God. |
| 7 | MR. CICHOSKI: That's what I was resting with, your Honor, that if the Court decided even though there's no pictures he can still be convicted – |
| 8 | |
| 9 | THE COURT: The court has not decided anything. You guys came in here and entered a guilty plea. What am I supposed to do? I'm just - - you're telling me he pled guilty but you're not even sure it was pornographic? |
| 10 | |
| 11 | MR. CICHOSKI: He admits 15 counts of possession of controlled pornography, all one-to-six's. |
| 12 | THE COURT: I know, but you tell me it probably was - - |
| 13 | MR. CICHOSKI: There was a computer which had pornography on it. We don't dispute that there was a computer and that had child porn on it but you tell me he is also charged with taking pornographic pictures of her which to my understanding do not exist and I have never seen. |
| 14 | |
| 15 | |
| 16 | MR. KEPHART: We don't have those, the ones he was charged with, the pornography in the computer. |
| 17 | MR. CICHOSKI: Count one charges him with taking pictures with Sara. |
| 18 | MR. KEPHART: Using pictures of Sara. You don't have to have them for that but by the possession, he has them and he possessed child pornography. |
| 19 | |
| 20 | THE COURT: Oh, God. And those, the photos, it says in the PSI - - |
| 21 | MR. KEPHART: You want to pass it for us to bring them in so the Judge can see what he had? |
| 22 | MR. CICHOSKI: They have computer pictures. The pictures he is accused of taking of Sara do not exist. |
| 23 | |
| 24 | THE COURT: So what is your point? |
| 25 | MR. CICHOSKI: I was just pointing out, your Honor, that we don't have those to decide whether those were pornographic or not. |
| 26 | |

THE COURT: Why would you have your client plead guilty and come in and tell me they are not pornographic? You said he pled guilty to them but then they weren't pornographic. I don't understand that.

MR. CICHOSKI: Because other jurisdictions say that even if the State doesn't have that - -

THE COURT: I know what other jurisdictions say but you are the man's lawyer.

ECF No. 32-12, p. 12-15. The sentencing hearing was continued to allow defense counsel to review the photographs. *Id.*, p. 15-16.

At the continued sentencing hearing the following week, defense counsel indicated that he had reviewed the photographs. ECF No. 32-13, p. 3. He also indicated that the question of whether the photographs were pornographic or not was a question for a judge or jury to decide, but that after consulting with his client, they did not want to withdraw the guilty plea. *Id.*

Ingebretsen claims his counsel was ineffective because counsel urged him to plead guilty and allowed him to sign a guilty plea agreement without ever reviewing the photographs upon which the child pornography charges to which he pled were based. To demonstrate ineffective assistance of counsel (IAC) in violation of the Sixth and Fourteenth Amendments, a convicted defendant must show that 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all the circumstances of the particular case; and 2) unless prejudice is presumed, it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). To demonstrate ineffective assistance of counsel in the context of a challenge to a guilty plea, a petitioner must show both that counsel's advice fell below an objective standard of reasonableness as well as a "reasonable probability" that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) (holding that the two-part *Strickland* test applies to challenges to guilty pleas based on the ineffective assistance of counsel).

///

As noted above, Ground 2 is procedurally defaulted, but this court reserved judgment as to whether the default might be excused under *Martinez v. Ryan*. The court may find "cause" under *Martinez* exists "where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

It is not disputed that the last two requirements are met, so the focus here is whether Ground 2 is a substantial claim – i.e., that the claim "has some merit." *Martinez*, 566 U.S. at 14. A claim is considered "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Id* at 15.

As an initial matter, the record is not entirely clear whether the photographs defense counsel reviewed between the two hearings formed the basis for Count I or Count II or both. In his reply, Ingebretsen insists that the transcript of the first hearing (excerpted above) shows that they were the photographs supporting the possession count (Count II) and that the prosecution did not possess the photographs Ingebretsen took of his stepdaughter – i.e, the photographs related to the attempted production count (Count I). Even assuming (without deciding) that is the case, however, this court is unable to conclude that Ground 2 presents a substantial claim of ineffective assistance of counsel.

Ingebretsen personally admitted during his plea canvass that he had pornographic photographs of children on his computer. His counsel confirmed at the first sentencing hearing that he and his client did not dispute that the computer "had child porn on it." ECF No. 32-12, p. 14. While defense counsel expressed uncertainty at the continued sentencing hearing as to whether the photographs qualified as pornography, he noted that he had consulted with Ingebretsen and that they did not wish to withdraw the guilty plea. No. 32-13, p. 3. Ingebretsen then confirmed in open court that he was guilty and that, having been charged with 15 counts of possession, one of the reasons he

was entering a guilty plea was to avoid the harsher penalty that may have resulted in going to trial on the original charges. *Id*., p. 4-5.

Ingebretsen also personally admitted during his plea canvass that he had his stepdaughter pose in sexually provocative clothing and positions, that he took sexually suggestive pictures of her, and that he was attempting to produce a pornographic performance that appealed to a prurient interest in sex. ECF No. 32-10, p. 9. Even if counsel did not see the photographs, Ingebretsen was personally aware of the nature of the photographs he had taken. There is no evidence in the record, nor does Ingebretsen claim, that he and counsel did not discuss the circumstances surrounding the photographs prior to deciding to enter a guilty plea.

In light of the foregoing, Ingebretsen has not established that counsel's performance fell below the *Strickland* standard. Ingebretsen's showing as to prejudice is even less impressive – i.e., there is no evidence that, but for counsel's alleged deficient performance, there is a reasonable probability that Ingebretsen would not have pled guilty and would have insisted on going to trial. He confirmed in his plea canvass and in his guilty plea agreement that his counsel had discussed with him all the elements of the crimes to which he was pleading guilty and that he understood that the State would have to prove all of those elements at trial. ECF Nos. 32-10, pp.4-5, 8, and 32-11, p. 5.

Ingebretsen faced fifteen counts of possession of child pornography, each carrying a possible sentence of one to six years. *See* Nev. Rev. Stat. § 200.730. At no point in either the plea canvass or the sentencing hearings did Ingebretsen express any equivocation about his guilt or his decision to plead guilty.[1] At the sentencing hearing *after* counsel had reviewed the photographs, the following exchange occurred:

> THE COURT: . . . And now do you want to withdraw your guilty plea or do you want to proceed?
>
> DEFENDANT: I want to proceed.

---

[1] When asked for his statement at the first sentencing hearing, Ingebretsen's response was "I deserve what I get." ECF No. 32-11, p. 11.

| | |
|---|---|
| 1 | THE COURT: All right. And are you guilty of this or not guilty of this? |
| 2 | DEFENDANT: I'm guilty. |
| 3 | THE COURT: You discussed this charge thoroughly with your lawyer? |
| 4 | DEFENDANT: Yes. |

ECF No. 32-13, p. 4. It is clear from the record that, with full knowledge of the charges and the evidence against him, Ingebretsen was firmly unwilling to risk the outcome of a trial. Accordingly, he has not presented, for the purposes of *Martinez*, a substantial claim that he was prejudiced by counsel's alleged deficient performance.

Ground 2 is dismissed as procedurally defaulted.

III. GROUND 6

In Ground 6, Ingebretsen claims that he was denied effective assistance of counsel, in violation of his constitutional rights, because counsel failed to object that the information (charging document) filed against Ingebretsen omitted an element of Counts I and II – i.e., that the images in question did "not have serious literary, artistic, political or scientific value." Ingebretsen claims that neither the court nor his counsel informed him of the element so the omission caused him to unknowingly and unintelligently enter guilty pleas to crimes for which he could have presented a defense.

As with Ground 2, this claim is governed by the *Strickland/Hill* standard. Unlike Ground 2, however, this claim was adjudicated on the merits by the Nevada courts. ECF Nos. 34-27 and 34-29, p. 4-5. Thus, this court's ability to grant habeas relief is governed by 28 U.S.C. § 2254(d).

Title 28 U.S.C. § 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court acts "contrary to" clearly established Federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court "unreasonably appli[es]" clearly established Federal law if it engages in an "objectively unreasonable" application of the correct governing legal rule to the facts at hand; however, Section 2254(d)(1) "does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014). "And an 'unreasonable application of' [the Supreme Court's] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted). "The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Habeas relief may not issue unless "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). As "a condition for obtaining habeas relief," a petitioner "must show that" the state decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. This standard is "difficult to meet," *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013), as even a "strong case for relief does not mean the state court's contrary conclusion was unreasonable," *Richter*, 562 U.S. at 102. "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded by Section 2254(d). *Id*. at 101 (citation omitted). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' ... and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

The Nevada courts applied the correct federal law standards in denying the claim Ingebretsen presents to this court as Ground 6. ECF Nos. 34-27 and 34-29, p. 4-5. The Nevada Supreme Court's decision did not explain which element(s) of the *Strickland/Hill* test Ingebretsen failed to satisfy, but that does not mean § 2254(d) does not apply. *See Richter*, 562 U.S. at 98. Instead, Ingebretsen must show "there was no reasonable basis for the state court to deny relief." *Id*. This, he cannot do.

The Constitution is satisfied if the charging document states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against." *Russell v. United States*, 369 U.S. 749, 763-64 (1962). *See also James v. Borg*, 24 F.3d 20, 24 (9th Cir.1994) ("The principal purpose of the information is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense."). In addition to describing the specific facts giving rise to the charges, the information charging Ingebretsen cited to the specific criminal statutes he was charged with violating and defined, almost verbatim from the relevant statutes, the elements of each crime. *Compare* ECF No. 32-9, *with* Nev. Rev. Stat. §§ 200.710 and 200.730.

The existence of a "sexual portrayal" was an element of both Count I and Count II, and was included in the information for each count. In the definitions section of Nevada's child pornography statues, a "sexual portrayal" is defined as "the depiction of a person in a manner which appeals to the prurient interest in sex and which does not have serious literary, artistic, political or scientific value." *See* Nev. Rev. Stat. Ann. § 200.700. While the information did not contain this definition written out in full, it cited to the statutory section. The information's descriptions of the offenses, which included the "sexual portrayal" element, combined with its "explicit citation[s] to the precise statute[s]" were more than sufficient to notify Ingebretsen of the charged crimes. *See Gautt v. Lewis*, 489 F.3d 993, 1003-04 (9th Cir. 2007).

While there is no evidence in the record that counsel discussed the definition of "sexual portrayal" with Ingebretsen, there is also no evidence that he did not. Moreover, there is no evidence in the record that the images giving rise to the possession charge had "serious literary, artistic,

political or scientific value." With respect to the attempted production charge, Ingebretsen points to the testimony of his stepdaughter's mother at the sentencing hearing, during which she mentioned that Ingebretsen was taking the photographs for the purpose of "putting together a portfolio to help her become a model." ECF No. 32-12, p. 8. However, any argument that he was not attempting to use his stepdaughter as "the subject of a sexual portrayal," as defined in the Nevada statute, is belied by his admissions during his plea canvass that he "had her pose in a variety of sexually provocative clothing and positions and took sexually suggestive pictures of her" and that he was "attempting to produce a pornographic performance that appealed to a prurient interest in sex." ECF No. 32-10, p. 9.

In addition, there is not a reasonable probability that, but for counsel's alleged failure to notify him of the specific definition of "sexual portrayal," Ingebretsen would not have pled guilty and would have insisted on going to trial. The same prejudice considerations discussed above in relation to Ground 2 apply with equal force here. And, because the Nevada courts rejected this claim on the merits, the standard of review is highly deferential. Simply put, Ingebretsen cannot demonstrate that the Nevada Supreme Court's rejection of the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Ground 6 is denied.

IV. CONCLUSION

For the foregoing reasons, Ingebretsen's petition for federal habeas relief shall be denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Ingebretsen's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Ingebretsen's habeas claims.

**IT IS THEREFORE ORDERED** that the third amended petition for writ of habeas corpus (ECF No. 87) is DENIED. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this 2nd day of March, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE